UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Fein Rosenblum,                    :
        Plaintiff,                 :
                                   :
     v.                            :     File No. 1:06-CV-60
                                   :
Mathew Young, Howard               :
Center for Human Services,         :
        Defendants.                :

<u>OPINION AND ORDER</u>
(Papers 7 and 8)

Plaintiff Fein Rosenblum, proceeding *pro se* and *in forma pauperis*, brings this action claiming that defendant Mathew Young violated his due process rights.  Specifically, Rosenblum alleges that Young presented false testimony in state court, and that Young's testimony was the basis for Rosenblum's involuntary commitment to the Vermont State Hospital.  The defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Rosenblum's complaint fails to state a claim for which relief may be granted.  For the reasons set forth below, the motion to dismiss (Paper 7) is GRANTED.  However, because Rosenblum is proceeding *pro se*, he is granted leave to amend his complaint.  Also pending before the Court is Rosenblum's request for appointed counsel.  This motion (Paper 8) is DENIED.

<u>Factual Background</u>

For purposes of the motion to dismiss, the allegations in Rosenblum's complaint will be accepted as true.  On July 10,

2003, a physician at Fletcher Allen Hospital determined that Rosenblum was non-violent and not suicidal.  Nonetheless, later that same day, Rosenblum was arrested and committed to the Vermont State Hospital.

Rosenblum claims that his involuntary commitment was the result of false testimony provided by defendant Mathew Young. Young was allegedly an Outreach Team Leader for defendant Howard Center for Human Services, and was responsible for monitoring the Howard Center's outpatient population. Rosenblum claims that he did not speak with Young immediately prior to his involuntary commitment, but that several months later Young informed him that he had "'put [Rosenblum] in the hospital.'"  (Paper 4 at 2).  Apparently based upon this statement, Rosenblum concludes that Young "orchestrated" his involuntary commitment, and that Young's conduct included providing false testimony in state court.  This alleged testimony consisted of Young's opinion about Rosenblum's competence.  (Paper 8 at 4; Paper 12 at 3).

<u>Discussion</u>

I.  <u>Motion to Dismiss</u>

In considering a motion to dismiss, the court must accept as true all factual allegations in the complaint and must draw all inferences in favor of the plaintiff. <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507

U.S. 163, 164 (1993); <u>Harris v. City of New York</u>, 186 F.3d
243, 247 (2d Cir. 1999); <u>Hernandez v. Coughlin</u>, 18 F.3d 133,
136 (2d Cir. 1994). Accordingly, the complaint may not be
dismissed "unless it appears beyond doubt that the plaintiff
can prove no set of facts in support of his claim which would
entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46
(1957). When a plaintiff is proceeding *pro se*, courts must
construe the complaint liberally. <u>See Haines v. Kerner</u>, 404
U.S. 519, 520 (1972); <u>Boddie v. Schnieder</u>, 105 F.3d 857, 860
(2d Cir. 1997).

Even applying these liberal standards, Rosenblum has
failed to state a constitutional claim. "An involuntary civil
commitment is a 'massive curtailment of liberty,' and
therefore cannot permissibly be accomplished without due
process of law." <u>Rodriquez v. City of New York</u>, 72 F.3d 1051,
1061 (quoting <u>Vitek v. Jones</u>, 445 U.S. 480, 491-92 (1980)).
Under Vermont's involuntary commitment process, a person may
be committed for involuntary treatment when an application for
such treatment has been filed in state court, and the
application is accompanied by either "a certificate of a
licensed physician . . . stating that he has examined the
proposed patient . . . and is of the opinion that the proposed
patient is a person in need of treatment," or a written
statement by the applicant stating that "the proposed patient

3

refused to submit to an examination by a licensed physician."
18 V.S.A. § 7612.

Here, the allegation is that Young provided false
testimony about Rosenblum's competence.  There is no
indication in the record that Young is a physician.
Therefore, under Vermont law, Young's application would have
required a physician's certification.  Acting alone, Young
could not have satisfied the statutory requirement for a
physician's professional opinion.

Furthermore, Rosenblum claims only that Young offered
false testimony on the issue of competence.  He does not
allege that Young made any statement about Rosenblum's
willingness to submit to a medical examination.  Absent an
allegation that Young lied in order to bypass the medical
certification requirement, there is no factual basis for a
claim against defendant Young.[1]

In order to bring a constitutional claim against a
defendant, that defendant must personally cause the
deprivation of a federal right.  See Colon v. Coughlin, 58
F.3d 865, 873 (2d Cir. 1995).  Here, the conduct alleged in

---

[1]  Other than the claim that the Howard Center is Young's
employer, there are no specific allegations against the Howard
Center.  Also, to the extent that Rosenblum is arguing that he
was unable to present his position in court, the defendants
cannot be held liable for the procedural aspects of the state
court proceeding.

the complaint could not have resulted in Rosenblum's involuntary commitment.  See Dove v. City of New York, 2005 WL 2387587, at *3 (E.D.N.Y. Sept. 28, 2005) (because defendants were not physicians, they could not have caused plaintiff's involuntary commitment, and thus could not be held liable under § 1983).  Consequently, the defendants are entitled to dismissal.

Rosenblum has also failed to claim that either of the defendants is a state actor.  Claims of constitutional violations such as the one brought here must be asserted pursuant to 42 U.S.C. § 1983.  See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) (Section 1983 provides private right of action for constitutional claims).  Section 1983, however, "addresses only those injuries caused by state actors or those acting under color of state law."  Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992).  In this case, there is no claim that either Young or the Howard Center acted under the color of state law.  Although the Howard Center may receive public funding, that fact alone is unlikely to render it an arm of the state for purposes of constitutional claims. Dove, 2005 WL 2387587, at *4.

Nor is the alleged conduct sufficient to impose liability on a constitutional claim.  "Merely causing an individual to be transported to a State-run psychiatric hospital for

5

evaluation and possible commitment by hospital personnel does not amount to willful participation in joint activity with the State." Id. Therefore, the defendants are again entitled to the dismissal of all claims against them.

II. Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Because "[a] *pro se* complaint is to be read liberally," the Second Circuit has held that a *pro se* plaintiff shall be granted leave to amend if there is "any indication that a valid claim may be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Because, with additional factual allegations, Rosenblum may be able to state a valid claim, he is hereby granted leave to file an amended complaint within 20 days of the date of this Opinion and Order. Failure to file such an amendment will likely result in the dismissal of this case.

III. Motion for Appointment of Counsel

Rosenblum has moved for the appointment of counsel. (Paper 8). His request is based upon his assertion that this case involves "federal evidence," and he suggests that "a U.S. District Attorney is most appropriate." (Paper 8 at 1). There are several factors to be considered when deciding

whether to appoint counsel for a party proceeding *in forma pauperis*.  See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)).  The threshold consideration, however, is whether the party's position seems likely to be of substance.  Id.  The Second Circuit has instructed that "[c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention."  Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).

As set forth above, Rosenblum's allegations lack legal merit.  This lack of substance bars the Court from appointing counsel at this time.  The motion for appointment of counsel is, therefore, DENIED.

### Conclusion

For the reasons set forth above, the defendants' motion to dismiss (Paper 7) is GRANTED, and Rosenblum's motion for appointment of counsel (Paper 8) is DENIED.  Rosenblum is hereby granted leave to amend his complaint within 20 days of the date of this Opinion and Order.  Failure to file a timely amended complaint is likely to result in the dismissal of this case.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 13th day of October, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge